# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| In re: | **Case No. 0:12-cv-02327 (SRN)** |
| WEB2B Payment Solutions, Inc., | BKY Case No.: 11-42325 |
| Debtor. | Chapter 7 |
| Rent-A-Center East, Inc., | Adv. No. 12-4074 |
| Plaintiff-Appellant, | |
| v. | **ORDER REMANDING CASE TO BANKRUPTCY COURT** |
| Brian F. Leonard, Trustee, | |
| Defendant-Appellee. | |

ON APPEAL FROM THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MINNESOTA
ADVERSARY FILE NO. 12-4047

Paul L. Ratelle, Rachel J. Elvester, and Sara E. Estrin, Fabyanske Westra Hart & Thomson, PA, 800 LaSalle Avenue Suite 1900, Minneapolis, MN 55402, for Plaintiff-Appellants

Andrea M. Hauser, Brian F. Leonard, and Matthew R. Burton, Leonard, O'Brien, Spencer, Gale & Sayre, Ltd., 100 South 5th Street Suite 2500, Minneapolis, MN 55402, for Defendant-Appellees

SUSAN RICHARD NELSON, United States District Judge

This matter is before the Court on Plaintiff-Appellant Rent-A-Center East, Inc.'s ("RAC") appeal of an August 15, 2012 Order of the United States Bankruptcy Court for the District of Minnesota. [Doc. No. 1.] On August 15, 2012, the Bankruptcy Court held a

hearing on the parties' cross-motions for summary judgment. (Order [Doc. No. 1–8].) Based on "findings of fact and conclusions of law stated orally" at the hearing, the Bankruptcy Court denied RAC's Motion for Summary Judgment, granted the Defendant Brian F. Leonard's ("Trustee") Motion for Summary Judgment, and found that RAC "has no right or interest in any funds held by the [Trustee]." (Id.)

Due to a malfunction of the Bankruptcy Court's recording system, the "audio for this hearing was lost" and there is no transcript of the Bankruptcy Court's findings of fact and conclusions of law. [Doc. No. 1–9.] On September 14, 2012, RAC filed a Notice of Appeal of the Bankruptcy Court's Order pursuant to 28 U.S.C. § 158(a) and Fed. R. Bankr. P. 8001. (Notice of Appeal [Doc. No. 1].) RAC elected to have the appeal heard by this Court instead of the Bankruptcy Appellate Panel of the Eighth Circuit pursuant to 28 U.S.C. § 158(c)(1)(A). [Doc. No. 1–6.] Because the Court has no transcript of the Bankruptcy Court's findings of fact and conclusions of law, or an agreed upon statement of the findings of fact and conclusions of law pursuant to Federal Rule of Appellate Procedure 10(d) and (e) to review on appeal, the Court remands this action to the Bankruptcy Court.

In an appeal from a bankruptcy court proceeding, the Court acts as an appellate court. See 28 U.S.C. § 158(a). The Bankruptcy Court's findings of fact are reviewed for clear error and its legal conclusions de novo. Tri-State Fin., LLC v. First Dakota Nat'l Bank, 538 F.3d 920, 923–24 (8th Cir. 2008); accord Fed. R. Bankr. P. 8013 ("On an appeal the district court . . . may affirm, modify, or reverse a bankruptcy judge's judgment, order, or decree or remand with instructions for further proceedings. Findings of fact, whether based on oral or documentary evidence, shall not be set aside unless

clearly erroneous . . . ."). "[A] finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." Anderson v. City of Bessemer, N.C., 470 U.S. 564, 573 (1985) (citation omitted). The Eighth Circuit has held that "the district court may not make its own independent factual findings." Wegner v. Grunewaldt, 821 F.2d 1317, 1320 (8th Cir. 1987). Additionally, "[i]f the bankruptcy court's factual findings are silent or ambiguous as to an outcome determinative factual question, the district court may not engage in its own factfinding but, instead, must remand the case to the bankruptcy court for the necessary factual determination." Id. (citations omitted).

The Bankruptcy Court for the District of Minnesota's Local Rules require that "[i]f the court made findings of fact and conclusions of law on the record" then on appeal "the appellant shall order a transcript of proceedings for the portion of the proceeding where such findings or conclusions were made." D. Minn. Bankr. L.R. 8007–1. Federal Rule of Bankruptcy Procedure 8006 explicitly requires appellant to provide the court with all documents, including transcripts, which are necessary to conduct a meaningful review. Fed. R. Bankr. P. 8006; accord In re Moretto, 440 B.R. 534, 537 (B.A.P. 8th Cir. 2010) (noting the appellants "failure to provide a transcript of the bankruptcy court's hearing on motion precludes review of the bankruptcy court's order granting the [appellee's] motion for summary judgment"); Schmid v. United Bhd. of Carpenters and Joiner of Am., 827 F.2d 384, 386 (8th Cir. 1987) ("It is important, if not essential, to the reviewing court that an appellant . . . bring before this court all parts of the proceeding below necessary for a determination of the validity of any claimed error.") (citation omitted); Melton v. City of

3

Phila., 344 F. App'x 806, 809 (3d Cir. 2009) (finding that the court could not conduct a "meaningful review" of the trial court's rulings when no transcript was provided on appeal); McGinnis v. Gustafson, 978 F.2d 1199, 1201 (10th Cir.1992) (denying appeal of summary judgment because appellant's failure to provide transcript of judge's oral ruling "raise[d] an effective barrier to informed, substantive appellate review"); In re Olick, 466 B.R. 680, 695 (E.D. Pa. 2011) aff'd, 498 F. App'x 153, 156 (3d Cir. 2012) ("Appellants have the duty to provide the court with all documents, including transcripts, that are necessary to conduct a substantive review.") (citations omitted); see also Fed. R. App. P. 3(a)(2) (failure to abide by the appellate rules permits "the court of appeals to act as it considers appropriate," including dismissal).

The Federal Rules of Appellate Procedure note that a transcript of the proceeding constitutes a part of the record on appeal. Fed. R. App. P. 10(a). The Appellate Rules also provide that "[i]n place of the record," "the parties may prepare, sign, and submit to the district court a statement of the case showing how the issues presented by the appeal arose and were decided in the district court." Id. 10(d). The statement of the case "must be approved by the district court and must then be certified to the court of appeals as the record on appeal." Id. Furthermore, "[i]f any difference arises about whether the record truly discloses what occurred in the district court, the difference must be submitted to and settled by that court and the record conformed accordingly." Id. 10(e).

Courts have routinely concluded that remand is necessary where there are no factual findings to review from the bankruptcy court. In In re Murrin, 477 B.R. 99, 102, 108 (D. Minn. 2012), the debtor appealed a final order from the United States Bankruptcy

4

Court for the District of Minnesota, which did not make necessary factual findings for review. The court remanded the action and stated that "without findings of fact from the bankruptcy court regarding [the] amounts and [the debtor's] payment or nonpayment of his various creditors, the Court has no factual findings to review for clear error." Id. at 108, 110. Similarly in Union Trust & Savings Bank, Stanwood, Iowa v. Jasperson, 37 B.R. 956, 957 (N.D. Iowa 1984), the creditor sought leave to file an appeal of the bankruptcy court's order denying its complaint. There, however, the creditor had "failed to furnish the court with a transcript or summary of the evidence agreed upon by the parties." Id. Since there was no "transcript or summary" the court could not "be expected to review the proceedings below" and the appeal was dismissed. Id.

At least one court has noted that where there has been "a malfunction in the tape recorder" such that "no transcript of [a] proceeding[] is available," the parties may develop the record for review on appeal by submitting a statement of the evidence to the bankruptcy court. In re Roberts, 8 B.R. 291, 293 n.3 (W.D. Mo. 1981). If the parties submit such statements to the bankruptcy court, the bankruptcy court "is to resolve any conflicts" between the parties as to the record. Id. The court in In re Roberts noted that this method of preserving the record for appeal comports with "Rule 10(d) and (e) of the Federal Rules of Appellate Procedure." Id.; see also St. Paul Fire & Marine Ins. Co. v. Arkla Chem. Corp., 431 F.3d 959, 959–61 (8th Cir. 1970) (suggesting the use of Fed. R. App. P. 10(d) and (e) where "the district court reporter said she [would] not be able to complete the transcript" in time for the deadline to appeal).

In this case, there is no transcript of the Bankruptcy Court's August 15, 2012

5

hearing, where the Bankruptcy Court made its findings of fact and conclusions of law on the parties' cross motions for summary judgment. The parties also have not developed a statement under Rule 10(d) and (e) of the Federal Rules of Appellate Procedure to inform this Court of the record developed by the Bankruptcy Court. This Court therefore has no factual findings to review for clear error. In re Murrin, 477 B.R. at 108. Without a transcript or summary of the Bankruptcy Court's findings of fact and conclusions of law, this Court cannot "be expected to review the proceedings below." Union Trust & Savings Bank, Stanwood, Iowa, 37 B.R. at 957. Accordingly, this case must be remanded to the Bankruptcy Court for development of the court's findings of fact and conclusions of law. On remand, the parties may choose to submit statements of the evidence and the bankruptcy court may resolve any conflicts between the statements. In re Roberts, 8 B.R. at 293 n.3; accord Fed. R. App. P. 10(d)–(e).

Therefore, based on the files and records herein, and for the reasons stated above, **IT IS HEREBY ORDERED THAT** this action be **REMANDED** to the Bankruptcy Court.

Dated: May 30, 2013               s/Susan Richard Nelson
                                  SUSAN RICHARD NELSON
                                  United States District Judge